JUDGE ROBINSON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Mitsubishi Electric Corp., Samsung Electronics
Co., Ltd., Sony Corp., Thomson Licensing, The
Trustees of Columbia University in the City of
New York, U.S. Philips Corp., Koninklijke
Philips Electronics, N.V., and Victor Company of
Japan, Ltd.,

**08 CV 5055**

                        Plaintiffs,

          - against -

Vizio, Inc, f/k/a V, Inc.,

                        Defendant.

C.A. No.

JURY TRIAL DEMANDED



RECEIVED
JUN 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT FOR PATENT INFRINGEMENT

      Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki

Kabushiki Kaisha) ("Mitsubishi"), Samsung Electronics Co., Ltd. ("Samsung"), Sony Corp.

("Sony"), Thomson Licensing ("Thomson"), The Trustees of Columbia University in the City of

New York ("Columbia"), U.S. Philips Corp. ("U.S. Philips") and Koninklijke Philips

Electronics, N.V. ("KPENV") (collectively "Philips"), and Victor Company of Japan, Ltd.

("JVC") (collectively "Plaintiffs"), by their undersigned attorneys, for their complaint against

defendant Vizio, Inc. (f/k/a V, Inc.) ("Vizio" or "Defendant") allege as follows:

## SUMMARY OF CLAIMS

1.        This is a patent infringement action brought against Defendant by Mitsubishi, Samsung, Sony, Thomson, Columbia, Philips, and JVC, because of Defendant's infringement of Plaintiffs' patents which are all essential to the practice of the world-wide video compression standard known as MPEG-2.  Plaintiffs are owners of a number of patents essential to the MPEG-2 standard as implemented in numerous devices manufactured and sold by Defendant.  Among other applications, the MPEG-2 standard is used by devices manufactured and sold by Defendant and by others in the playing of stored or transmitted video information.

2.        MPEG-2 is a compression technology that can be used for digital video signals, i.e., moving picture signals in movies or television.  To produce an MPEG-2 compliant signal or bitstream, a digital video signal is compressed/encoded to remove redundant or visually insignificant information.  The encoding/compression reduces the amount of information needed to represent the video signal so that it can be stored in a smaller storage area or transmitted in a lower capacity communication channel.  Alternatively, MPEG-2 enables storage or transmission of more or higher fidelity video signals.  For example, without compression, a 133 minute long movie would require over 25 DVD discs for storage.  Using MPEG-2, a good quality 133 minute long movie can be stored on a single DVD disc.  In the case of terrestrial broadcast, MPEG-2 enables transmission of a high definition television ("HDTV") signal of 1920 x 1080 pixel resolution on the same frequency channel that currently carries a standard definition television signal of 720 x 480 pixel resolution.  MPEG-2 also enables transmission of at least four standard

definition television signals in the same frequency channel that currently carries one standard definition television signal.

       3.     MPEG-2 is currently employed in and makes possible the storage, playing, transmission and reproduction of full-length films on DVD discs, digital terrestrial broadcast television, digital satellite television broadcasts, and digital cable television.  Numerous consumer products thereby use software and/or hardware to encode and/or decode video in compliance with the MPEG-2 standard, including but not limited to video telecommunications equipment; disc players or recorders, including DVD players and recorders, personal video recorders, and digital video recorders; television sets; personal computers; camcorders; cameras; video receivers, including internet protocol televisions ("IPTV"), terrestrial, satellite and cable receivers, set top boxes, converters, or descramblers; and video game consoles/video game equipment ("MPEG-2 Products").  Consumer spending of MPEG-2 Products in the United States amounts to billions of dollars per year.

       4.     Use of the patents in suit is essential to the practice of the MPEG-2 technology.

       5.     Defendant manufactures, offers to sell, sells, uses, and imports a number of products with MPEG-2 functionality.  Vizio's website refers to a number of HDTV products and full high definition television ("FHDTV") products, including plasma and LCD flat-screen televisions ("Defendant's TVs") that decode/decompress video according to the MPEG-2 standard.

6.      Defendant is infringing the patents in suit by, among other things, offering for sale and selling in the United States and in this judicial district Defendant's TVs, which employ the MPEG-2 patented technology.

7.      According to Defendant's website, Defendant's TVs utilize the MPEG-2 standard.  Defendant's website advertises infringing products that include, but are not limited to, the following: VU37L 37" Class LCD HDTV, VO32L 32" Class LCD HDTV, VU32L 32" Class LCD HDTV, and V022L 22" Class LCD HDTV.  (Exhibit ("Exh.") 1)

8.      For many years, Defendant has had an opportunity to license the patents in suit by either licensing one or more such patents directly from the individual Plaintiffs or, in the alternative, by taking a license from MPEG LA, L.L.C. ("MPEG LA"), which offers a non-discriminatory patent portfolio license under many patents essential to the practice of MPEG-2 technology, including all patents in suit.  (Exh. 2)

9.      MPEG LA was established in 1996 to provide the marketplace with non-discriminatory access to as many of the patents which are essential to MPEG-2 technology as possible.  MPEG LA is a non-exclusive licensee of each of the patents in suit as well as numerous other patents essential to the practice of the MPEG-2 technology.  MPEG LA has the authority to offer a non-exclusive sublicense to the approximately 150 MPEG-2 patent families offered in the MPEG-2 Patent Portfolio License throughout the world — including the patents in suit — on non-discriminatory and reasonable terms.  Approximately 1,300 licensees located throughout the world have executed the standard MPEG-2 Patent Portfolio License offered by MPEG LA.  MPEG LA's licensing program began after the United States Department of Justice

reviewed the circumstances surrounding the formation of MPEG LA and its standard MPEG-2 Patent Portfolio License, among other things, and issued a favorable Business Review Letter.

10.     Each Plaintiff is committed to license the patents in suit on reasonable terms.  As an alternative, Defendant, and indeed any potential licensee, can get a license from MPEG LA as a convenience to the licensee.  The MPEG LA license adds an alternative choice to the marketplace, in addition to, not instead of, bilateral licenses with each of the licensors, including the Plaintiffs herein.

11.     Competitors of Defendant, such as Toshiba Corp., Sharp Corp., Funai Electric Co., Ltd., Pioneer Corp., Hitachi Electronics, Ltd., Syntax-Brillian Corp., NEC Corp., Hewlett-Packard Company, and Akai Electric Co., Ltd., have executed the MPEG LA license, which Defendant has declined to execute.

12.     Notwithstanding the fact that Defendant was aware that its products used patents owned by Plaintiffs, Defendant has refused to enter into any license with Plaintiffs.

### JURISDICTION AND VENUE

13.     This is an action for patent infringement under Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. § 1338.

14.     Upon information and belief, Vizio has its principal place of business in Irvine, California.  Vizio through its own acts and/or through the acts of its affiliated corporations, acting as its agents or alter egos, has purposefully sold infringing products through regular distribution channels knowing such products would be used, offered for sale and/or sold in this judicial district.

15.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## THE PARTIES

16.     Plaintiff Mitsubishi is a corporation of Japan, having its principal place of business in Tokyo, Japan.

17.     Plaintiff Samsung is a corporation of Korea, having its principal place of business in Seoul, Korea.

18.     Plaintiff Sony is a corporation of Japan, having its principal place of business in Tokyo, Japan.

19.      Plaintiff Thomson is a corporation of France, having its principal place of business in Boulogne-Billancourt Cedex, France.

20.     Plaintiff Columbia is a not-for-profit corporation of New York, having its principal place of business in New York, New York.

21.     Plaintiff U.S. Philips is a Delaware corporation having its principal place of business in Briarcliff Manor, New York.

22.     Plaintiff KPENV is a corporation of The Netherlands, having its principal place of business in Amsterdam, The Netherlands.

23.     Plaintiff JVC is a corporation of Japan, having its principal place of business in Yokohama, Japan.

24.     Upon information and belief, Defendant Vizio is a corporation of California, having its principal place of business in Irvine, California.

–6–

## DEFENDANT'S INFRINGEMENT

25.     Defendant manufactures, imports, offers for sale and/or sells within the United States and in this district MPEG-2 Products, including the Defendant's TVs.

26.     Defendant's MPEG-2 Products are purposely shipped by Defendant through an established distribution channel and are knowingly sold, among other places, within this judicial district.

27.     The manufacture, importation, use, offer for sale, and/or sale of Defendant's MPEG-2 Products — which decode digital video signals using patented MPEG-2 methods and devices — directly and/or indirectly infringe the patents in suit.

28.     Defendant has published and continues to regularly publish advertisements and product descriptions on the Internet and/or in newspapers and magazines stating that its products are capable of MPEG-2 decoding.  (Exh. 1)

29.     Defendant contributorily infringes the patents in suit by importing, selling, offering for sale, and/or selling Defendant's MPEG-2 Products in this judicial district and elsewhere, knowing that such MPEG-2 Products are especially made and/or especially adapted for use in an infringement of the patents in suit.

30.     Defendant actively induces the infringement of the patents in suit by offering for sale, selling, encouraging, and instructing others to use Defendant's MPEG-2 Products knowing that the use of these products to, among other things, decode MPEG-2 video signals, causes others to infringe the patents in suit.

31.     Defendant's infringing actions were without the consent or authority of Plaintiffs.  Defendant does not now have and has never possessed a license under any of the patents in suit.  MPEG LA repeatedly offered Vizio a license, and thus an opportunity to respect Vizio's intellectual property obligations, but Vizio refused.  (Exh. 2)  Moreover, each Plaintiff is committed to bilaterally license the patents in suit on reasonable terms.

32.     Vizio had knowledge of the patents in suit prior to engaging in acts of infringement.  For several years, Vizio has been advised of its infringement in various written communications, including letters informing Vizio that it remains unlicensed under the MPEG-2 essential patents including the patents in suit.  (Exh. 2)  Thus, infringement of the patents in suit by Vizio is willful.

33.     This is an exceptional case and, accordingly, Plaintiffs are entitled to enhanced damages and their attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

34.     Plaintiffs, and each of them, have suffered irreparable injury for which there is no adequate remedy at law as a result of Defendant's infringement of the patents in suit.  Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to an injunction against further infringement by an order preventing Defendant from selling any of Defendant's MPEG-2 Products in the United States.

### FIRST CAUSE OF ACTION

35.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

36.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5072295 ("the '295 Patent"). (Exh. 3)

37.     Defendant has infringed and is infringing the '295 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

38.     Unless enjoined, Defendant will continue to infringe the '295 Patent.

## SECOND CAUSE OF ACTION

39.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

40.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5990960 ("the '960 Patent"). (Exh. 4)

41.     Defendant has infringed and is infringing the '960 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

42.     Unless enjoined, Defendant will continue to infringe the '960 Patent.

## THIRD CAUSE OF ACTION

43.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

44.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 6097759 ("the '759 Patent"). (Exh. 5)

45.     Defendant has infringed and is infringing the '759 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

46.     Unless enjoined, Defendant will continue to infringe the '759 Patent.

### FOURTH CAUSE OF ACTION

47.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

48.     Samsung is the legal owner by assignment of United States Letters Patent No. 5654706 ("the '706 Patent"). (Exh. 6)

49.     Defendant has infringed and is infringing the '706 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

50.     Unless enjoined, Defendant will continue to infringe the '706 Patent.

### FIFTH CAUSE OF ACTION

51.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

52.     Samsung is the legal owner by assignment of United States Letters Patent No. 6680975 ("the '975 Patent"). (Exh. 7)

53.     Defendant has infringed and is infringing the '975 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

54.     Unless enjoined, Defendant will continue to infringe the '975 Patent.

## SIXTH CAUSE OF ACTION

55.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

56.     Sony is the legal owner by assignment of United States Letters Patent No. 5481553 ("the '553 Patent"). (Exh. 8)

57.     Defendant has infringed and is infringing the '553 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

58.     Unless enjoined, Defendant will continue to infringe the '553 Patent.

## SEVENTH CAUSE OF ACTION

59.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

60.     Sony is the legal owner by assignment of United States Letters Patent No. 5946042 ("the '042 Patent"). (Exh. 9)

61.     Defendant has infringed and is infringing the '042 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

62.     Unless enjoined, Defendant will continue to infringe the '042 Patent.

## EIGHTH CAUSE OF ACTION

63.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

–11–

64.     Sony is the legal owner by assignment of United States Letters Patent No. 6040863 ("the '863 Patent"). (Exh. 10)

65.     Defendant has infringed and is infringing the '863 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

66.     Unless enjoined, Defendant will continue to infringe the '863 Patent.

### NINTH CAUSE OF ACTION

67.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

68.     Thomson is the legal owner by assignment of United States Letters Patent No. 7020204 ("the '204 Patent"). (Exh. 11)

69.     Defendant has infringed and is infringing the '204 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

70.     Unless enjoined, Defendant will continue to infringe the '204 Patent.

### TENTH CAUSE OF ACTION

71.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

72.     Thomson is the legal owner by assignment of United States Letters Patent No. 5422676 ("the '676 Patent"). (Exh. 12)

73.     Defendant has infringed and is infringing the '676 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

74.     Unless enjoined, Defendant will continue to infringe the '676 Patent.

## ELEVENTH CAUSE OF ACTION

75.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

76.     Columbia is the legal owner by assignment of United States Letters Patent No. Reissue 35093 ("the '093 Patent"). (Exh. 13)

77.     Defendant has infringed and is infringing the '093 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

78.     Unless enjoined, Defendant will continue to infringe the '093 Patent.

## TWELFTH CAUSE OF ACTION

79.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

80.     U.S. Philips is the legal owner by assignment of United States Letters Patent No. 5844867 ("the '867 Patent"), while KPENV is the exclusive licensee of the '867 Patent in the field of products that comply with the MPEG-2 Standard.  (Exh. 14)

81.     Defendant has infringed and is infringing the '867 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the

United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

      82.    Unless enjoined, Defendant will continue to infringe the '867 Patent.

## THIRTEENTH CAUSE OF ACTION

      83.    The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

      84.    KPENV is the legal owner by assignment of United States Letters Patent No. 5606539 ("the '539 Patent"). (Exh. 15)

      85.    Defendant has infringed and is infringing the '539 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

      86.    Unless enjoined, Defendant will continue to infringe the '539 Patent.

## FOURTEENTH CAUSE OF ACTION

      87.    The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

      88.    JVC is the legal owner by assignment of United States Letters Patent No. Reissue 34965 ("the '965 Patent"). (Exh. 16)

      89.    Defendant has infringed and is infringing the '965 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

      90.    Unless enjoined, Defendant will continue to infringe the '965 Patent.

## FIFTEENTH CAUSE OF ACTION

91.     The allegations contained in paragraphs 1 through 34 above are repeated and realleged as if fully set forth herein.

92.     JVC is the legal owner by assignment of United States Letters Patent No. Reissue 35158 ("the '158 Patent"). (Exh. 17)

93.     Defendant has infringed and is infringing the '158 Patent by making, using, offering to sell, or selling MPEG-2 Products within the United States or importing into the United States MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

94.     Unless enjoined, Defendant will continue to infringe the '158 Patent.

WHEREFORE, Plaintiffs demand judgment as follows:

1.      Adjudging, finding, and declaring that Defendant is infringing the patents in suit.

2.      Permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, from infringing the patents in suit, as provided by 35 U.S.C. § 283.

3.      Awarding the respective Plaintiffs an accounting and damages against Defendant in a sum to be determined at trial, together with interest and costs as fixed by the Court; all of these damages to be enhanced in amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284.

4.      Awarding Plaintiffs their reasonable attorneys' fees, costs, and disbursements in this action pursuant to 35 U.S.C. § 285.

5.      Granting Plaintiffs such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues that may be so tried.

SULLIVAN & CROMWELL LLP

OF COUNSEL:

By: _____

Garrard R. Beeney
Emma Gilmore
SULLIVAN & CROMWELL LPP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
Evan L. Kahn
Anthony C. Coles
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiffs*
*Mitsubishi Electric Corp.,*
*Samsung Electronics Co., Ltd.,*
*Sony Corp.,*
*Thomson Licensing,*
*The Trustees of Columbia University in the*
*City of New York,*
*U.S. Philips Corp.,*
*Koninklijke Philips Electronics, N.V., and*
*Victor Company of Japan, Ltd.*

Dated: June 2, 2008

–17–