UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LG Electronics Co., Ltd., Mitsubishi Electric Corp., Samsung Electronics Co., Ltd., Sony Corp., Thomson Licensing, The Trustees of Columbia University in the City of New York, U.S. Philips Corp., Koninklijke Philips Electronics, N.V., and Victor Company of Japan, Ltd.,<br><br>Plaintiffs,<br><br>- against -<br><br>Vizio, Inc., f/k/a V, Inc.,<br><br>Defendant. | § § § § § § § § § § § § § § § 08 Civ. 5055 (SCR)<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT VIZIO, INC.'S ANSWER
## AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Vizio, Inc. ("Vizio"), by and through the undersigned counsel, answers the Amended Complaint of LG Electronics Co., Ltd. ("LG"), Mitsubishi Electric Corp. ("Mitsubishi"), Samsung Electronics Co., Ltd. ("Samsung"), Sony Corp. ("Sony"), Thomson Licensing ("Thomson"), The Trustees of Columbia University in the City of New York ("Columbia"), U.S. Philips Corp., Koninklijke Philips Electronics, N.V. (collectively, "Philips"), and Victor Company of Japan, Ltd. ("JVC") (collectively, the "Plaintiffs") as follows:

### SUMMARY OF CLAIMS

1. Vizio admits that this is a patent infringement action brought by Plaintiffs but denies that it infringes U.S. Pat. No. Re. 37,568 ("the '568 Patent"), U.S. Pat. No. 5,072,295 ("the '295 Patent"), U.S. Pat. No. 5,990,960 ("the '960 Patent"), U.S. Pat. No. 6,097,759 ("the '759 Patent"), U.S. Pat. No. 5,654,706 ("the '706 Patent"), U.S. Pat. No. 6,680,975 ("the '975 Patent"), U.S. Pat. No. 5,481,553 ("the '553 Patent"), U.S. Pat. No. 5,946,042 ("the '042 Patent"), U.S. Pat. No. 6,040,863 ("the '863 Patent"), U.S. Pat. No. 7,020,204 ("the '204

Patent"), U.S. Pat. No. 5,422,676 ("the '676 Patent"), U.S. Pat. No. Re. 35,093 ("the '093 Patent"), U.S. Pat. No. 5,844,867 ("the '867 Patent"), U.S. Pat. No. 5,606,539 ("the '539 Patent"), U.S. Pat. No. Re. 34,965 ("the '965 Patent"), or U.S. Pat. No. Re. 35,158 ("the '158 Patent") (collectively, "the Patents in Suit"). Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 1 and therefore denies them.

2. Vizio admits that MPEG-2 is a compression technology that can be used for digital video signals. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2 and therefore denies them.

3. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and therefore denies them.

4. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 and therefore denies them.

5. Vizio admits the allegations of Paragraph 5.

6. Vizio denies the allegations of Paragraph 6.

7. Vizio denies that its products infringe any of the Patents in Suit, but admits the remaining allegations of Paragraph 7

8. Vizio denies that it has now or at any time ever needed to license the Patents in Suit. Vizio further denies that Plaintiffs or MPEG LA, L.L.C. offer a non-discriminatory patent portfolio license to the Patents in Suit. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8 and therefore denies them.

9. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and therefore denies them.

10. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10 and therefore denies them.

11. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11 and therefore denies them.

12. Vizio denies the allegations of Paragraph 12.

## JURISDICTION AND VENUE

13. Vizio admits that Plaintiffs purport to invoke subject matter jurisdiction under 28 U.S.C. § 1338. To the extent Paragraph 13 contains conclusions of law, no answer is required. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 and therefore denies them.

14. Vizio admits that it has a principal place of business in Irvine, California but denies that it has committed past or ongoing acts of infringement in the State of New York or in this District. To the extent Paragraph 14 contains conclusions of law, no answer is required. Vizio denies the remaining allegations of Paragraph 14.

15. Vizio admits that Plaintiffs purport that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b). To the extent Paragraph 15 contains conclusions of law, no answer is required. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 15 and therefore denies them.

## THE PARTIES

16. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16 and therefore denies them.

17. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 17 and therefore denies them.

18. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 18 and therefore denies them.

19. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19 and therefore denies them.

20. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20 and therefore denies them.

21. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 21 and therefore denies them.

22. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 22 and therefore denies them.

23. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23 and therefore denies them.

24. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 24 and therefore denies them.

25. Vizio admits that it is a corporation of California, having a principal place of business in Irvine, California.

## DEFENDANT'S INFRINGEMENT

26. Vizio admits that it offers for sale and/or sells within the United States products with MPEG-2 functionality. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 26 and therefore denies them.

27. Vizio admits that it ships within the United States products with MPEG-2 functionality. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 27 and therefore denies them.

28. Vizio denies the allegations of Paragraph 28.

29. Vizio admits that it publishes product descriptions on the Internet stating that its products are capable of MPEG-2 decoding. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 29 and therefore denies them.

30. Vizio denies the allegations of Paragraph 30.

31. Vizio denies the allegations of Paragraph 31.

32. Vizio denies that it has now or at any time ever needed to license the Patents in Suit. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 32 and therefore denies them.

33. Vizio denies that it has now or at any time ever needed to license the Patents in Suit. Vizio is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 33 and therefore denies them.

34. Vizio denies the allegations of Paragraph 34.

35. Vizio denies the allegations of Paragraph 35.

## FIRST CAUSE OF ACTION

36. No answer is required to Paragraph 36.

37. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 37 and therefore denies them.

38. Vizio denies the allegations of Paragraph 38.

39. Vizio denies the allegations of Paragraph 39.

## SECOND CAUSE OF ACTION

40. No answer is required to Paragraph 40.

41. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 41 and therefore denies them.

42. Vizio denies the allegations of Paragraph 42.

43. Vizio denies the allegations of Paragraph 43.

## THIRD CAUSE OF ACTION

44. No answer is required to Paragraph 44.

45. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and therefore denies them.

46. Vizio denies the allegations of Paragraph 46.

47. Vizio denies the allegations of Paragraph 47.

## FOURTH CAUSE OF ACTION

48. No answer is required to Paragraph 48.

49. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and therefore denies them.

50. Vizio denies the allegations of Paragraph 50.

51. Vizio denies the allegations of Paragraph 51.

## FIFTH CAUSE OF ACTION

52. No answer is required to Paragraph 52.

53. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and therefore denies them.

54. Vizio denies the allegations of Paragraph 54.

55. Vizio denies the allegations of Paragraph 55.

### SIXTH CAUSE OF ACTION

56. No answer is required to Paragraph 56.

57. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 57 and therefore denies them.

58. Vizio denies the allegations of Paragraph 58.

59. Vizio denies the allegations of Paragraph 59.

### SEVENTH CAUSE OF ACTION

60. No answer is required to Paragraph 60.

61. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 61 and therefore denies them.

62. Vizio denies the allegations of Paragraph 62.

63. Vizio denies the allegations of Paragraph 63.

### EIGHTH CAUSE OF ACTION

64. No answer is required to Paragraph 64.

65. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 65 and therefore denies them.

66. Vizio denies the allegations of Paragraph 66.

67. Vizio denies the allegations of Paragraph 67.

### NINTH CAUSE OF ACTION

68. No answer is required to Paragraph 68.

69. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 69 and therefore denies them.

70. Vizio denies the allegations of Paragraph 70.

71. Vizio denies the allegations of Paragraph 71.

## TENTH CAUSE OF ACTION

72. No answer is required to Paragraph 72.

73. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 73 and therefore denies them.

74. Vizio denies the allegations of Paragraph 74.

75. Vizio denies the allegations of Paragraph 75.

## ELEVENTH CAUSE OF ACTION

76. No answer is required to Paragraph 76.

77. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 77 and therefore denies them.

78. Vizio denies the allegations of Paragraph 78.

79. Vizio denies the allegations of Paragraph 79.

## TWELFTH CAUSE OF ACTION

80. No answer is required to Paragraph 80.

81. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 81 and therefore denies them.

82. Vizio denies the allegations of Paragraph 82.

83. Vizio denies the allegations of Paragraph 83.

## THIRTEENTH CAUSE OF ACTION

84. No answer is required to Paragraph 84.

85. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 85 and therefore denies them.

86. Vizio denies the allegations of Paragraph 86.

87. Vizio denies the allegations of Paragraph 87.

## FOURTEENTH CAUSE OF ACTION

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1884884.3

7

88. No answer is required to Paragraph 88.

89. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 89 and therefore denies them.

90. Vizio denies the allegations of Paragraph 90.

91. Vizio denies the allegations of Paragraph 91.

## FIFTEENTH CAUSE OF ACTION

92. No answer is required to Paragraph 92.

93. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 93 and therefore denies them.

94. Vizio denies the allegations of Paragraph 94.

95. Vizio denies the allegations of Paragraph 95.

## SIXTEENTH CAUSE OF ACTION

96. No answer is required to Paragraph 96.

97. Vizio is without knowledge or information sufficient to admit or deny the allegations of Paragraph 97 and therefore denies them.

98. Vizio denies the allegations of Paragraph 98.

99. Vizio denies the allegations of Paragraph 99.

## PLAINTIFFS' DEMAND FOR JUDGMENT

Vizio denies that Plaintiffs are entitled to any of the requested relief and also denies the allegations made in this section.

## AFFIRMATIVE AND OTHER DEFENSES

Vizio alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Vizio specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE

100. Vizio does not infringe and has not infringed (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the Patents in Suit, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

101. The claims of the Patents in Suit are invalid for failure to satisfy one or more of the requirements under §§ 100, *et seq*. (including §§ 101, 102, 103, and 112) of Title 35 of the United States Code.

## THIRD DEFENSE

102. Plaintiffs are estopped from asserting broad interpretations of the claims of the Patents in Suit to cover the accused products because of statements and amendments made during the prosecution of the '568 Patent.

## FOURTH DEFENSE

103. Plaintiffs' claims are barred by the doctrine of patent exhaustion.

## FIFTH DEFENSE

104. Plaintiffs' claims are barred by the doctrine of implied license.

## SIXTH DEFENSE

105. Plaintiffs' claims are barred by one or more of the doctrines of laches, estoppel, waiver, and/or acquiescence, including equitable estoppel, claim construction estoppel, and/or prosecution history estoppel.

## SEVENTH DEFENSE

106. Plaintiffs' claims are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

107. Plaintiffs purport to offer "non-discriminatory" patent portfolio licenses under many patents deemed "essential to the practice of MPEG-2 technology, including all patents in suit." Complaint, Paragraph 9. Plaintiffs state that the MPEG LA license, called the MPEG-2 Patent Portfolio License, was reviewed by the United States Department of Justice ("USDOJ"), which issued a Business Review Letter. Complaint, Paragraph 9. On information and belief, the MPEG-2 Patent Portfolio License reviewed by the USDOJ, and which formed the basis of its Business Review Letter, explicitly requires MPEG LA to offer a license on the same terms and conditions to all would-be licensees, i.e. on reasonable and non-discriminatory ("RAND") terms.

108. On information and belief, the license offered by Plaintiffs individually or through the MPEG LA organization is not offered on reasonable and non-discriminatory terms. Accordingly, Plaintiffs' claims are barred by the doctrine of patent misuse.

**NINTH DEFENSE**

109. Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

**TENTH DEFENSE**

110. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**ELEVENTH DEFENSE**

111. Plaintiffs' claims are barred by §§ 286 and 287 of Title 35 of the United States Code.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Vizio respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: July 29, 2008

Respectfully submitted,

By: /s/ Kurt M. Rogers
    Kurt M. Rogers
    Latham & Watkins LLP

885 Third Avenue, Suite 1000
New York, NY 10022-4834
kurt.rogers@lw.com
212-906-1200

Perry Viscounty
(*pro hac* admission pending)
Mark Finkelstein
(*pro hac* admission pending)
Latham & Watkins LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
perry.viscounty@lw.com
mark.finkelstein@lw.com
714-755-8190

Ryan E. Hatch
(*pro hac* admission pending)
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Ryan.hatch@lw.com
213-485-1234

Attorneys for Defendant
Vizio, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on July 29, 2008, I caused the attached document to be sent via email and regular U.S. Mail, per the written agreement of the parties, to:

> Garrard R. Beeney
> Emma Gilmore
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004
> gilmoree@sullcrom.com
> beeneyg@sullcrom.com
>
> Kenneth Rubenstein
> Evan L. Kahn
> Anthony C. Coles
> PROSKAUER ROSE LLP
> 1585 Broadway
> New York, New York 10036
> (212) 969-3000
> krubenstein@proskauer.com
> ekahn@proskauer.com
> acoles@proskauer.com

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 29, 2008.

                /s/ Kurt M. Rogers
                Kurt M. Rogers